IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VALENTINE B. ANDELA (CANCER-AFRICA™) | : : : | CIVIL ACTION |
| v. | : : : | |
| THE AMERICAN ASSOCIATION FOR CANCER RESEARCH | : : | NO. 09-2487 |

MEMORANDUM

Fullam, Sr. J.                                            December 22, 2009

The *pro se* plaintiff, a cancer researcher, has sued the defendant, a professional organization dedicated to advancing cancer research, over the latter's publication in its journal *Cancer Research* of what the plaintiff alleges to have been a plagiarized and falsified research paper, and the defendant's refusal to print the plaintiff's letter to the editor responding to the paper. The defendant has filed a motion for judgment on the pleadings and the plaintiff a cross-motion for summary judgment.

Because there is no diversity jurisdiction, the case is not properly in this Court unless there is a viable claim under federal law. The plaintiff alleges two such claims: one for false advertising under the Lanham Act, 16 U.S.C. §1125(a), and a second for violation of the Sherman Antitrust Act, 15 U.S.C. §§ 1,2. Neither claim withstands scrutiny.

The Lanham Act protects against the misrepresentation of the origin of goods; it does not reach "communicative products" such as books or articles. <u>Dastar Corp. v. Twentieth Century Fox Film Corp.</u>, 539 U.S. 23, 36-37 (2003). The plaintiff acknowledges this and in response to the motion seeks to have the claim considered as one for defamation instead; I need not reach that issue.

The claim under the Sherman Act fails, in general, to define the relevant market and to describe the attempted monopolization. Moreover, the plaintiff lacks standing. It is axiomatic that the antitrust law aims to protect competition, not competitors. The injury alleged by the plaintiff is personal to him, and is simply not of the type the antitrust laws were intended to redress. <u>Barton & Pittinos, Inc. v. SmithKline Beecham Corp.</u>, 118 F.3d 178, 181 (3d Cir. 1997).

The federal claims therefore will be dismissed; the plaintiff may pursue his state-law claims in the appropriate forum. An order will be entered.

BY THE COURT:


/s/ John P. Fullam
John P. Fullam,    Sr. J.